**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

**TYPHOON IP LLC,**

        Plaintiff,

        v.

**NAMSUNG AMERICA, INC.,**

        Defendant.

Civil Action No.:

**TRIAL BY JURY DEMANDED**

## COMPLAINT FOR INFRINGEMENT OF PATENT

Now comes Plaintiff, Typhoon IP LLC ("Plaintiff" or "Typhoon"), by and through undersigned counsel, and respectfully alleges, states, and prays as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin Defendant Namsung America, Inc. dba Dual Electronics Corporation ("Defendant"), from infringing and profiting from, in an illegal and unauthorized manner, and without authorization and/or consent from Plaintiff, U.S. Patent No. 7,881,861 (the "'861 Patent"), U.S. Patent No. 8,108,141 (the "'141 Patent"), and U.S. Patent No. 8,838,370 (the "'370 Patent")(collectively the "Patents-in-suit"), which are attached as Exhibit A, B, and C, respectively, and incorporated herein by reference, and pursuant to 35 U.S.C. §271, and to recover damages, attorney's fees, and costs.

## THE PARTIES

2.      Plaintiff is a Typhoon IP LLC limited liability company with its principal place of business at 5570 FM 423 – Suite 250-2088, Frisco, Texas 75034.

3.      Upon information and belief, Defendant is a corporation organized under the laws of Florida, having its headquarters at 250 International Parkway, Suite 230, Heathrow, Florida

32746. Upon information and belief, Defendant may be served with process c/o Nisi Law Firm, P.A., 2003 Longwood Lake Mary Road, Suite 1001, Longwood, Florida 32750.

4. Plaintiff is further informed and believes, and on that basis alleges, that Defendant is in the business of providing navigation systems via Defendant's Dual® brand and offering the same for sale to consumers, amongst other things. Defendant derives a portion of its revenue from sales and distribution via electronic transactions conducted on and using at least, but not limited to, its Internet website located at www.dualav.com and its incorporated and/or related systems (collectively, the "Defendant Website"). Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant hereto, Defendant has done and continues to do business in this judicial district, including, but not limited to, providing products/services to customers located in this judicial district by way of the Defendant Website.

## JURISDICTION AND VENUE

5. This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§1 *et seq*.

6. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a).

7. This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction and its residence in this District, as well as because of the injury to Plaintiff, and the cause of action Plaintiff has risen in this District, as alleged herein.

8. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services

provided to individuals in this forum state and in this judicial District; and (iii) being incorporated

in this District.

9.       Venue is proper in this judicial district pursuant to 28 U.S.C. §1400(b) because

Defendant resides in this District under the Supreme Court's opinion in *TC Heartland v. Kraft*

*Foods Group Brands LLC,* 137 S. Ct. 1514 (2017) through its incorporation, and regular and

established place of business in this District.

## FACTUAL ALLEGATIONS

10.       Plaintiff is presently the owner of the Patents-in-suit, having received all right, title

and interest in and to the Patents-in-suit from the previous assignee of record.  Plaintiff possesses

all rights of recovery under the Patents-in-suit, including the exclusive right to recover for past

infringement.

The '861 Patent

11.       On February 1, 2011, the United States Patent and Trademark Office ("USPTO")

duly and legally issued the '861 Patent, entitled "NETWORKED NAVIGATION SYSEM" after

a full and fair examination. The '861 Patent is attached hereto as Exhibit A and incorporated herein

as if fully rewritten.

12.       Claim 1 of the '861 Patent states:

> "1. A method of providing alternate route possibilities between a starting position and a travel destination to a first vehicle operator using a first networked navigation device from at least one second networked navigation device, the method comprising:
>
> determining a first route between the starting position and the travel destination;
>
> transmitting an alternate route request to the at least one second networked navigation device for at least a portion of the first route between the starting position and the travel destination, the at least one second networked navigation device having an assigned or determined home locale;

receiving at least one alternate route from the at least one second networked navigation device; and

presenting the determined first route and the received at least one alternate route to the first vehicle operator, wherein the presenting includes usage data for the at least one alternate route." See Exhibit A.

13. Claim 1 of the '861 Patent recites a non-abstract method for providing alternate route possibilities between a starting position and a travel destination to a first vehicle operator using a first networked navigation device from at least one second networked navigation device.

14. Claim 1 of the '861 Patent provides the practical application of a method for providing alternate route possibilities between a starting position and a travel destination to a first vehicle operator using a first networked navigation device from at least one second networked navigation device.

15. Claim 1 of the '861 Patent provides an inventive step for a method of providing alternate route possibilities between a starting position and a travel destination to a first vehicle operator using a first networked navigation device from at least one second networked navigation device.

16. Claim 1 of the '861 Patent provides specific elements/steps that accomplish the desired results to overcome the then existing problems in the relevant field of networked navigation systems. *Ancora Technologies, Inc. v. HTC America, Inc.*, 908 F.3d 1343, 1348 (Fed. Cir. 2018) (holding that improving computer security can be a non-abstract computer-functionality improvement if done by a specific technique that departs from earlier approaches to solve a specific computer problem). See also *Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999 (Fed. Cir. 2018); *Core Wireless Licensing v. LG Elecs., Inc.*, 880 F.3d 1356 (Fed. Cir. 2018); *Finjan, Inc. v. Blue Coat Sys., Inc.*, 879 F.3d 1299 (Fed. Cir. 2018); *Uniloc USA, Inc. v. LG Electronics USA, Inc.*, 957 F.3d 1303 (Fed. Cir. April 30, 2020). Claims need not articulate the advantages of the

claimed combinations to be eligible. *Uniloc USA, Inc. v. LG Elecs. USA, Inc.*, 957 F.3d 1303, 1309 (Fed. Cir. 2020)

17.     The specific elements/steps of Claim 1 of the '861 Patent were an unconventional arrangement of elements compared to prior art navigation methodologies. As such, Claim 1 of the '861 Patent was able to unconventionally generate a method for providing alternate route possibilities between a starting position and a travel destination to a first vehicle operator using a first networked navigation device from at least one second networked navigation device. *Cellspin Soft, Inc. v. FitBit, Inc.*, 927 F.3d 1306 (Fed. Cir. 2019)

18.     Further, regarding the specific non-conventional and non-generic arrangements of known, conventional pieces to overcome an existing problem, the method of Claim 1 in the '861 Patent provides a method of providing alternate route possibilities between a starting position and a travel destination to a first vehicle operator using a first networked navigation device from at least one second networked navigation device that would not preempt all ways of providing networked navigation because aspects of Claim 1 could be removed or performed differently to permit a method of networked navigation in a different way. *Bascom Global Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341 (Fed. Cir. 2016); See also *DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245 (Fed. Cir. 2014)

19.     Based on the allegations, it must be accepted as true at this stage, that Claim 1 of the '861 Patent recites a specific, plausibly inventive way of providing alternate route possibilities between a starting position and a travel destination to a first vehicle operator using a first networked navigation device from at least one second networked navigation device. *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1319 (Fed. Cir. 2019), *cert. denied sub nom. Garmin USA, Inc. v. Cellspin Soft, Inc.*, 140 S. Ct. 907, 205 L. Ed. 2d 459 (2020).

20.     Alternatively, there is at least a question of fact that must survive the pleading stage as to whether these specific elements/steps of Claim 1 of the '861 Patent were an unconventional arrangement of elements. *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121 (Fed. Cir. 2018) See also *Berkheimer v. HP Inc.*, 881 F.3d 1360 (Fed. Cir. 2018), *cert. denied*, 140 S. Ct. 911, 205 L. Ed. 2d 454 (2020).

21.     Defendant commercializes, inter alia, methods that perform all the steps recited in at least one claim of the '861 Patent. More particularly, Defendant commercializes, inter alia, methods that perform all the steps recited in Claim 1 of the '861 Patent.  Specifically, Defendant makes, uses, sells, offers for sale, or imports the Accused Product (defined below) that performs a method that encompasses that which is covered by Claim 1 of the '861 Patent, as detailed below.

22.     To the extent required, Plaintiff has complied with all marking requirements under 35 U.S.C. § 287 with respect to the '861 Patent.

The '141 Patent

23.     On January 31, 2012, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '141 Patent, entitled "INTELLIGENT TRAVEL ROUTING SYSTEM AND METHOD" after a full and fair examination. The '141 Patent is attached hereto as Exhibit B and incorporated herein as if fully rewritten.

24.     Claim 1 of the '141 Patent states:

"1. A computer-implemented method of assigning routes to a plurality of users, the method comprising:
determining a cost for each of a plurality of roadway segments, wherein the cost of a roadway segment is commensurate with the roadway segment's inclusion in one or more existing routes from a first start location to a first destination location;
generating a plurality of new routes from a second start location to a second destination location, wherein each new route comprises one or more roadway segments included in the plurality of roadway segments;
receiving a user preference from each of the plurality of users; and

6

assigning each of the plurality of users one or more of the new routes based on the received user preferences and the cost of the roadway segments comprising the plurality of new routes." See Exhibit B.

25.     Claim 1 of the '141 Patent recites a non-abstract method for assigning routes to a plurality of users.

26.     Claim 1 of the '141 Patent provides the practical application of a method for assigning routes to a plurality of users.

27.     Claim 1 of the '141 Patent provides an inventive step for a computer-implemented method of assigning routes to a plurality of users.

28.     Claim 1 of the '141 Patent provides specific elements/steps that accomplish the desired results to overcome the then existing problems in the relevant field of networked navigation systems. *Ancora Technologies, Inc. v. HTC America, Inc.*, 908 F.3d 1343, 1348 (Fed. Cir. 2018) (holding that improving computer security can be a non-abstract computer-functionality improvement if done by a specific technique that departs from earlier approaches to solve a specific computer problem). See also *Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999 (Fed. Cir. 2018); *Core Wireless Licensing v. LG Elecs., Inc.*, 880 F.3d 1356 (Fed. Cir. 2018); *Finjan, Inc. v. Blue Coat Sys., Inc.*, 879 F.3d 1299 (Fed. Cir. 2018); *Uniloc USA, Inc. v. LG Electronics USA, Inc.*, 957 F.3d 1303 (Fed. Cir. April 30, 2020). Claims need not articulate the advantages of the claimed combinations to be eligible. *Uniloc USA, Inc. v. LG Elecs. USA, Inc.*, 957 F.3d 1303, 1309 (Fed. Cir. 2020)

29.     The specific elements/steps of Claim 1 of the '141 Patent were an unconventional arrangement of elements compared to prior art navigation methodologies. As such, Claim 1 of the '141 Patent was able to unconventionally generate a method for assigning routes to a plurality of users. *Cellspin Soft, Inc. v. FitBit, Inc.*, 927 F.3d 1306 (Fed. Cir. 2019)

30.    Further, regarding the specific non-conventional and non-generic arrangements of known, conventional pieces to overcome an existing problem, the method of Claim 1 in the '141 Patent provides a method of assigning routes to a plurality of users that would not preempt all ways of providing networked navigation because aspects of Claim 1 could be removed or performed differently to permit a method of networked navigation in a different way. *Bascom Global Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341 (Fed. Cir. 2016); See also *DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245 (Fed. Cir. 2014)

31.    Based on the allegations, it must be accepted as true at this stage, that Claim 1 of the '141 Patent recites a specific, plausibly inventive way of assigning routes to a plurality of users. *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1319 (Fed. Cir. 2019), *cert. denied sub nom. Garmin USA, Inc. v. Cellspin Soft, Inc.*, 140 S. Ct. 907, 205 L. Ed. 2d 459 (2020).

32.    Alternatively, there is at least a question of fact that must survive the pleading stage as to whether these specific elements/steps of Claim 1 of the '141 Patent were an unconventional arrangement of elements. *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121 (Fed. Cir. 2018) See also *Berkheimer v. HP Inc.*, 881 F.3d 1360 (Fed. Cir. 2018), *cert. denied*, 140 S. Ct. 911, 205 L. Ed. 2d 454 (2020).

33.    Defendant commercializes, inter alia, methods that perform all the steps recited in at least one claim of the '141 Patent. More particularly, Defendant commercializes, inter alia, methods that perform all the steps recited in Claim 1 of the '141 Patent.  Specifically, Defendant makes, uses, sells, offers for sale, or imports the Accused Product (defined below) that performs a method that encompasses that which is covered by Claim 1 of the '141 Patent, as detailed below.

34.    To the extent required, Plaintiff has complied with all marking requirements under 35 U.S.C. § 287 with respect to the '141 Patent.

The '370 Patent

35.     On February 1, 2011, the United States Patent and Trademark Office ("USPTO")

duly and legally issued the '370 Patent, entitled "TRAFFIC FLOW MODEL TO PROVIDE

TRAFFIC FLOW INFORMATION" after a full and fair examination. The '370 Patent is attached

hereto as Exhibit C and incorporated herein as if fully rewritten.

36.     Claim 1 of the '370 Patent states:

> "1. A method for presenting a per-lane route for a vehicle to travel comprising:
> entering by at least one computing device a route between a start location and an end location;
> querying by the at least one computing device a traffic database with a database query, wherein the traffic database includes traffic lane characteristics associated with the route between the start location and the end location, wherein the database query indicates the start location and the end location for the vehicle to travel and also indicates a vehicle type and indicates at least one of: if the vehicle contains or will contain a driver and one or more passengers; a vehicle capability; and a special allowance for the given vehicle;
> generating traffic flow information by the at least one computing device using an algorithm, inputs to the traffic flow algorithm including at least a portion of traffic lane characteristics and at least a portion of the query information;
> receiving traffic flow information from the traffic database by the at least one computing device;
> determining by the at least one computing device per-lane route for the vehicle to travel in response to receiving the traffic flow information; and
> presenting the per-lane route for the vehicle to travel." See Exhibit C.

37.     Claim 1 of the '370 Patent recites a non-abstract method for presenting a per-lane

route for a vehicle to travel.

38.     Claim 1 of the '370 Patent provides the practical application of a method for

presenting a per-lane route for a vehicle to travel.

39.     Claim 1 of the '370 Patent provides an inventive step for a method of presenting a

per-lane route for a vehicle to travel.

40.     Claim 1 of the '370 Patent provides specific elements/steps that accomplish the desired results to overcome the then existing problems in the relevant field of navigation systems. *Ancora Technologies, Inc. v. HTC America, Inc.*, 908 F.3d 1343, 1348 (Fed. Cir. 2018) (holding that improving computer security can be a non-abstract computer-functionality improvement if done by a specific technique that departs from earlier approaches to solve a specific computer problem). See also *Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999 (Fed. Cir. 2018); *Core Wireless Licensing v. LG Elecs., Inc.*, 880 F.3d 1356 (Fed. Cir. 2018); *Finjan, Inc. v. Blue Coat Sys., Inc.*, 879 F.3d 1299 (Fed. Cir. 2018); *Uniloc USA, Inc. v. LG Electronics USA, Inc.*, 957 F.3d 1303 (Fed. Cir. April 30, 2020). Claims need not articulate the advantages of the claimed combinations to be eligible. *Uniloc USA, Inc. v. LG Elecs. USA, Inc.*, 957 F.3d 1303, 1309 (Fed. Cir. 2020).

41.     The specific elements/steps of Claim 1 of the '370 Patent were an unconventional arrangement of elements compared to prior art navigation methodologies. As such, Claim 1 of the '370 Patent was able to unconventionally generate a method for presenting a per-lane route for a vehicle to travel. *Cellspin Soft, Inc. v. FitBit, Inc.*, 927 F.3d 1306 (Fed. Cir. 2019)

42.     Further, regarding the specific non-conventional and non-generic arrangements of known, conventional pieces to overcome an existing problem, the method of Claim 1 in the '370 Patent provides a method of presenting a per-lane route for a vehicle to travel that would not preempt all ways of providing navigation/navigating because aspects of Claim 1 could be removed or performed differently to permit a method of navigation/navigating in a different way. *Bascom Global Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341 (Fed. Cir. 2016); See also *DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245 (Fed. Cir. 2014)

10

43.     Based on the allegations, it must be accepted as true at this stage, that Claim 1 of the '370 Patent recites a specific, plausibly inventive way of presenting a per-lane route for a vehicle to travel. *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1319 (Fed. Cir. 2019), *cert. denied sub nom. Garmin USA, Inc. v. Cellspin Soft, Inc.*, 140 S. Ct. 907, 205 L. Ed. 2d 459 (2020).

44.     Alternatively, there is at least a question of fact that must survive the pleading stage as to whether these specific elements/steps of Claim 1 of the '370 Patent were an unconventional arrangement of elements. *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121 (Fed. Cir. 2018) See also *Berkheimer v. HP Inc.*, 881 F.3d 1360 (Fed. Cir. 2018), *cert. denied*, 140 S. Ct. 911, 205 L. Ed. 2d 454 (2020).

45.     Defendant commercializes, inter alia, methods that perform all the steps recited in at least one claim of the '370 Patent. More particularly, Defendant commercializes, inter alia, methods that perform all the steps recited in Claim 1 of the '370 Patent.  Specifically, Defendant makes, uses, sells, offers for sale, or imports the Accused Product (defined below) that performs a method that encompasses that which is covered by Claim 1 of the '370 Patent, as detailed below

46.     To the extent required, Plaintiff has complied with all marking requirements under 35 U.S.C. § 287 with respect to the '370 Patent.

**DEFENDANT'S PRODUCT(S)**

The Accused Product compared to the '861 Patent

47.     Defendant offers solutions, such as the "Dual DM620N" system (the "Accused Product")[1], that enables a method of providing alternate route possibilities between a starting position and a travel destination to a first vehicle operator using a first networked navigation device from at least one second networked navigation device.  For example, the Accused Product

---

[1] The Accused Product is just one of the products provided by Defendant, and Plaintiff's investigation is on-going to additional products to be included as an Accused Product that may be added at a later date.

performs the method for providing alternate route possibilities between a starting position and a travel destination to a first vehicle operator using a first networked navigation device from at least one second networked navigation device. A non-limiting and exemplary claim chart comparing the Accused Product of Claim 1 of the '861 Patent is attached hereto as Exhibit D and is incorporated herein as if fully rewritten.

48.    As recited in Claim 1, the Accused Product, at least in internal testing and usage, practices determining a first route between the starting position and the travel destination. See Exhibit D.

49.    As recited in one step of Claim 1, the Accused Product, at least in internal testing and usage, practices transmitting an alternate route request to the at least one second networked navigation device for at least a portion of the first route between the starting position and the travel destination, the at least one second networked navigation device having an assigned or determined home locale. See Exhibit D.

50.    As recited in one step of Claim 1, the Accused Product, at least in internal testing and usage, practices receiving at least one alternate route from the at least one second networked navigation device. See Exhibit D.

51.    As recited in one step of Claim 1, the Accused Product, at least in internal testing and usage, practices presenting the determined first route and the received at least one alternate route to the first vehicle operator, wherein the presenting includes usage data for the at least one alternate route. See Exhibit D.

52.    The elements described in the preceding paragraphs are covered by at least Claim 1 of the '861 Patent. Thus, Defendant's use of the Accused Product is enabled by the method described in the '861 Patent.

The Accused Product compared to the '141 Patent

53.      The Accused Product enables a computer-implemented method of assigning routes

to a plurality of users.  For example, the Accused Product performs the computer-implemented

method of assigning routes to a plurality of users.  A non-limiting and exemplary claim chart

comparing the Accused Product of Claim 1 of the '141 Patent is attached hereto as Exhibit E and

is incorporated herein as if fully rewritten.

54.      As recited in Claim 1, the Accused Product, at least in internal testing and usage,

practices determining a cost for each of a plurality of roadway segments, wherein the cost of a

roadway segment is commensurate with the roadway segment's inclusion in one or more existing

routes from a first start location to a first destination location.  See Exhibit E.

55.      As recited in one step of Claim 1, the Accused Product, at least in internal testing

and usage, practices generating a plurality of new routes from a second start location to a second

destination location, wherein each new route comprises one or more roadway segments included

in the plurality of roadway segments. See Exhibit E.

56.      As recited in one step of Claim 1, the Accused Product, at least in internal testing

and usage, practices receiving a user preference from each of the plurality of users. See Exhibit E.

57.      As recited in one step of Claim 1, the Accused Product, at least in internal testing

and usage, practices assigning each of the plurality of users one or more of the new routes based

on the received user preferences and the cost of the roadway segments comprising the plurality of

new route. See Exhibit E.

58.      The elements described in the preceding paragraphs are covered by at least Claim

1 of the '141 Patent. Thus, Defendant's use of the Accused Product is enabled by the method

described in the '141 Patent.

The Accused Product compared to the '370 Patent

59.    Defendant offers the Accused Product that enables presenting a per-lane route to a for a vehicle. For example, the Accused Product performs the method for presenting a per-lane route to a for a vehicle. A non-limiting and exemplary claim chart comparing the Accused Product of Claim 1 of the '370 Patent is attached hereto as Exhibit F and is incorporated herein as if fully rewritten.

60.    As recited in Claim 1, the Accused Product, at least in internal testing and usage, practices a entering by at least one computing device a route between a start location and an end location. See Exhibit F.

61.    As recited in one step of Claim 1, the Accused Product, at least in internal testing and usage, practices querying by the at least one computing device a traffic database with a database query, wherein the traffic database includes traffic lane characteristics associated with the route between the start location and the end location, wherein the database query indicates the start location and the end location for the vehicle to travel and also indicates a vehicle type and indicates at least one of: if the vehicle contains or will contain a driver and one or more passengers; a vehicle capability; and a special allowance for the given vehicle. See Exhibit F.

62.    As recited in one step of Claim 1, the Accused Product, at least in internal testing and usage, practices generating traffic flow information by the at least one computing device using an algorithm, inputs to the traffic flow algorithm including at least a portion of traffic lane characteristics and at least a portion of the query information. See Exhibit F.

63.    As recited in one step of Claim 1, the Accused Product, at least in internal testing and usage, practices receiving traffic flow information from the traffic database by the at least one computing device. See Exhibit F.

64.    As recited in one step of Claim 1, the Accused Product, at least in internal testing and usage, practices determining by the at least one computing device per-lane route for the vehicle to travel in response to receiving the traffic flow information. See Exhibit F.

65.    As recited in one step of Claim 1, the Accused Product, at least in internal testing and usage, practices presenting the per-lane route for the vehicle to travel. See Exhibit F.

66.    The elements described in the preceding paragraphs are covered by at least Claim 1 of the '370 Patent. Thus, Defendant's use of the Accused Product is enabled by the method described in the '370 Patent.

## INFRINGEMENT OF THE PATENT-IN-SUIT

67.    Plaintiff realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs

68.    In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing the Patents-in-suit due to its manufacture, use and/or sale of the Accused Product.

69.    Defendant has had knowledge of infringement of the Patents-in-suit at least as of the service of the present Complaint.

70.    Defendant has directly infringed and continues to directly infringe at least one claim of each of the Patents-in-suit by using, at least through internal testing or otherwise, the Accused Product without authority in the United States, and will continue to do so unless enjoined by this Court.  As a direct and proximate result of Defendant's direct infringement of the Patents-in-suit, Plaintiff has been and continues to be damaged.

71.    Defendant has induced others to infringe the Patents-in-suit by encouraging infringement, knowing that the acts Defendant induced constituted patent infringement, and its encouraging acts actually resulted in direct patent infringement.

72.     By engaging in the conduct described herein, Defendant has injured Plaintiff and is thus liable for infringement of the Patents-in-suit, pursuant to 35 U.S.C. § 271.

73.     Defendant has committed these acts of infringement without license or authorization.

74.     As a result of Defendant's infringement of the Patents-in-suit, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

75.     Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.  As such, Plaintiff is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

76.     Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint.  The claim chart depicted in Exhibit B is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure and does not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

## DEMAND FOR JURY TRIAL

77.     Plaintiff demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a.   That Defendant be adjudged to have directly infringed the Patents-in-suit either literally or under the doctrine of equivalents;

16

b.  An accounting of all infringing sales and damages including, but not limited to, those sales and damages not presented at trial;

c.  That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from directly infringing the Patents-in-suit;

d.  An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Plaintiff for the Defendant's past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

e.  An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

f.  That Defendant be directed to pay enhanced damages, including Plaintiff's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

g.  That Plaintiff be granted such other and further relief as this Court may deem just and proper.

Dated: January 28, 2021                    Respectfully submitted,

                                           SAND, SEBOLT & WERNOW CO., LPA

                                           */s/ Howard L. Wernow*
                                           Howard L. Wernow, B.C.S.
                                           Florida Bar No. 107560
                                           Aegis Tower – Suite 1100
                                           4940 Munson Street NW
                                           Canton, Ohio 44718
                                           Telephone: 330-244-1174
                                           Facsimile: 330-244-1173
                                           Email: howard.wernow@sswip.com

                                           *Board Certified in Intellectual Property*
                                           *Law by the Florida Bar*

                                           ATTORNEY FOR PLAINTIFF